IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONNA JO SHEPPARD                                                                                    PLAINTIFF

VS.                                                                            CIVIL ACTION NO. 3:04cv921WSu

C.B. RICHARD ELLIS, INC. and
SCHINDLER ELEVATOR CORPORATION                                        DEFENDANTS

**ORDER APPROVING SETTLEMENT**

This matter came before the Court upon a motion for approval of a compromise settlement agreement reached between the parties, and the Court, having considered the Motion, finds as follows:

1. Plaintiff was employed by BellSouth Corp., now d/b/a AT&T Mississippi (hereinafter referred to as BellSouth) as a customer service associate when she was injured on September 19, 2002, in an accident arising out of and in the course of her employment.

2. Claimant has alleged that conduct of the Defendants, C. B. Richard Ellis, Inc. and Schindler Elevator Corporation (hereinafter collectively referred to as Defendants), or their agents, servants or employees caused or contributed to the accident resulting in her injuries, which Defendants deny.

3. Following the accident, Claimant received medical treatment from various medical providers, primarily, Dr. Brent Meador, Dr. Winston Capel, Dr. Mark McClain and Dr. Ashraf Ragab.

4. Pursuant to the Mississippi Workers' Compensation Act, Claimant received disability benefits in the amount of $97,884.06, and benefits for medical services and supplies in the amount of $209,433.28.

5. Plaintiff has asserted claims in this action against the Defendants for injuries and damages she alleges resulted from her work-related accident. It is and has been the contention of Plaintiff that her injuries are compensable and have caused her to suffer permanent disability and a loss of wage earning capacity. It is the contention of the Defendants and BellSouth that the medical evidence, as well as other evidence available, shows that Plaintiff is able to continue in some form of gainful employment. In order to compromise and fully settle the disagreement and dispute as

to liability, the extent of injury, disability and loss of wage earning capacity suffered by Plaintiff, the Defendants have entered into confidential settlement agreements. In addition, in consideration for a full compromise and settlement of any and all claims Plaintiff may have under the Mississippi Workers' Compensation Act, BellSouth has agreed to accept and receive $164,663.80, from the settlement, representing a reduction of $142,653.54 in the amount it would otherwise be entitled to receive in reimbursement of workers' compensation benefits paid to or on behalf of the Plaintiff.

6. The type of injuries alleged by Plaintiff are of such a character that reasonable persons could honestly differ as to the existence of any disability from the injuries described herein or to the degree of such disability, if any, or the effects that such disability would have on the wage earning capacity of Plaintiff. The Court finds pursuant to the provisions of 71-3-29, 71-3-17 and 71-3-71 of the Mississippi Code, as amended, that it would be in the best interest of the Plaintiff for the Court to allow the parties to compromise and settle said differences as a full, final and complete settlement and compromise of all claims, including claims for disability and future medical benefits, arising from the above described injuries, under the Mississippi Workers' Compensation Act or otherwise.

7. The Court further finds that this compromise offer is made with the full understanding that such agreement is to be a full, final, and complete settlement and compromise of any and all liability of the Defendants, and of BellSouth for payment of future medical and disability benefits under the Mississippi Workers' Compensation Act of every type and character. Plaintiff has fully and duly investigated and considered said offer and feels that it is reasonable and should be accepted and that it should be approved by the Court, and that acceptance of said offer will constitute a full, final, and complete release of any and all liability of the Defendants, and of BellSouth for payment of future medical and disability benefits under the Mississippi Workers' Compensation Act.

8. The Court is informed and finds that the Plaintiff is a recipient of Social Security benefits and is eligible or insured for Medicare benefits. It is not the intention of the parties to shift responsibility for future medical benefits to the federal government and the parties have considered the interests of Medicare in reaching the settlement agreement. A Medicare set-aside allocation has been provided which BellSouth has agreed to fund through the purchase of an annuity. Upon approval of the settlement by the Court neither BellSouth nor any of the Defendants shall be responsible for any medical expenses. All Medicare allowable medical expenses shall be paid by

the Plaintiff from the Medicare set-aside in accordance with law.  Any and all other future medical expenses incurred with regard to the injuries sustained in the subject accident shall be the sole responsibility of the Plaintiff.  Plaintiff shall be responsible for seeking and securing any necessary or required approvals of all aspects of the Medicare set-aside allocation and funding.

9. Plaintiff is represented by counsel, and has fully advised and consulted with her counsel who has rendered good and valuable legal services in this matter and is entitled to a reasonable fee and reimbursement of expenses.

10. The Court finds that the settlement of all rights and claims of the Plaintiff against Defendants and against BellSouth is fair, just and in the best interests of the Plaintiff, and that the Plaintiff should be authorized and directed to deliver valid releases or such other documents to effectuate the purposes of the proposed settlement.

It is, therefore, ORDERED, that the proposed compromise settlement as set forth is hereby approved as being in the best interests of the Plaintiff, and that upon payment of the settlement proceeds to the Plaintiff the Defendants and BellSouth shall stand discharged of and from any further liability to the Plaintiff, that the Plaintiff is authorized to pay her attorney's fees, and that the Plaintiff is authorized and directed to execute and deliver to BellSouth such releases or other instruments as may be necessary to carry out the purposes of the settlement.

SO ORDERED this the 22nd day of August, 2008.

s/ HENRY T. WINGATE
_____
United States District Judge

Jackson 3209104v.1